THE PEOPLE, PLAINTIFF AND RESPONDENT, v. CLIVILLE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution· for Carrying a Prohibited Weapon.

No. 774.—Decided February 19, 1915.

CARRYING PROHIBITED WEAPONS—JURISDICTION.—According to section 4 of the Act to prohibit the carrying of arms, approved March 9, 1905, the offense of carrying prohibited weapons at public assemblies, as are parades in wards or towns, does not come within the jurisdiction of the justices of the peace, but within that of the municipal courts.

ID.—ID.—CONSTRUCTION OF LAW—WARRANT.—The Act to prohibit the carrying of arms, of March 9, 1905, having specifically determined the cases of which justices of the peace have jurisdiction and those of which the municipal courts have jurisdiction, the meaning of section 8 of said act is that when any of its provisions are violated no warrant is necessary to arrest the offender and that the person arrested should be taken before a justice of the peace for trial in cases in which he has jurisdiction of the offense.

ID.—INFORMATION.—Although the Act to prohibit the carrying of arms, of March 9, 1905, allows some persons to carry arms, if the information charges the accused with unlawfully and maliciously doing so, it amounts to an allegation that he had no legal authorization or just cause or excuse therefor and need not allege that the accused was not authorized to carry the weapon.

The facts are stated in the opinion.

*Mr. Salvador Mestre, fiscal,* for The People.

The accused· did ·not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Mónico Cliville, has not appeared before this court to prosecute the appeal which he took from a judgment of the District Court of Mayagüez sentencing him to sixty days' imprisonment and the payment of the costs for carrying a prohibited weapon in a political parade, nor has he filed any statement of the case or bill of exceptions, therefore we can consider only whether, as he alleged in his demurrer to the information, the information is insufficient because it appears on its face that the crime charged comes under the original jurisdiction of the Justice of the Peace of Mayagüez; that the information does not state facts constituting any crime, and that it does not appear therefrom that he carried the weapon without authorization. We will consider this demurrer briefly since no argument has been submitted in support of it.

It was charged in the District Court of Mayagüez that, while marching in a political parade in the ward of Leguísamos of the municipaliy of Mayagüez in the afternoon of October 28, 1914, the appellant unlawfully and maliciously carried on or about his person a revolver for purposes of offense or defense.

The offense of carrying prohibited weapons in public assemblies, as are parades marching through wards or towns, does not come under the jurisdiction of the justices of the peace, according to section 4 of the Act to prohibit the carrying of arms, approved March 9, 1905, since the said justices have no jurisdiction of the offense of carrying arms in a church or religious assembly, school, or any other place where persons are assembled for amusement, social entertainment or recreation, or for educational or scientific purposes, or in any election precinct, on the day of election or registration, where any portion of the people of any district are collected to vote or register, or in any other place where people may be assembled to parade or perform any other public duty, or in any other public assembly. Justices of the peace only have jurisdiction of offenses of carrying arms in the

cases not specified in the said section, wherefore justices of the peace have no jurisdiction of the offense charged in this information.

Perhaps the appellant is of the impression that justices of the peace have jurisdiction of all offenses of carrying prohibited arms because section 8 of the said act provides that "any person violating any of the provisions of this act may be arrested without warrant by any peace officer, and carried before the nearest court of justice of the peace having jurisdiction of the case, for trial." If so, the said provision does not admit of such construction, for, if it is taken into consideration that the said act specifically determines the cases of which justices of the peace have jurisdiction and those of which the municipal judges have jurisdiction, we may reach the conclusion that what it means is that when any of its provisions is violated no warrant is necessary to arrest the offender and take him before the justice of the peace for trial in those cases in which the justice of the peace has jurisdiction of the offense.

The other two grounds of the demurrer are also without merit, because when the information alleged that the appellant carried a revolver on his person while marching in a political parade in the ward of Leguísamos, it charged him clearly with the violation of section 4 of the said act, and there was no need for alleging that the accused was not authorized to carry the firearm, for although the law allows some persons to carry arms, the fact that the information charges the appellant with unlawfully and maliciously doing so amounts to an allegation that he had no legal authorization nor just cause or excuse therefor.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.